IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Malibu Media, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv159 (CMH/TRJ) |
| ) | |
| John Does 1-23, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Malibu Media, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv160 (CMH/TRJ) |
| ) | |
| John Does 1-26, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Malibu Media, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv161 (CMH/TRJ) |
| ) | |
| John Does 1-26, ) | |
| ) | |
| Defendants. ) | |

| | | |
|---|---|---|
| Malibu Media, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv162 (CMH/TRJ) |
| | ) | |
| John Does 1-16, | ) | |
| | ) | |
| Defendants. | ) | |
| Malibu Media, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv163 (CMH/TRJ) |
| | ) | |
| John Does 1-15, | ) | |
| | ) | |
| Defendants. | ) | |
| Malibu Media, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv164 (CMH/TRJ) |
| | ) | |
| John Does 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| Malibu Media, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv165 (CMH/TRJ) |
| | ) | |
| John Does 1-27, | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| Malibu Media, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12cv166 (CMH/TRJ) |
| John Does 1-8, | ) | |
| Defendants. | ) | |
| Patrick Collins, Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12cv167 (CMH/TRJ) |
| John Does 1-26, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

These matters are before the court on plaintiffs' motions for leave to serve third party subpoenas prior to a Rule 26(f) conference. Prior to the hearing on these motions, the court ordered plaintiffs to file supplemental briefing addressing the question whether defendants are properly joined pursuant to Fed. R. Civ. P. 20 in light of Judge Gibney's October 13, 2011 amended memorandum order in *K-Beech, Inc. v. Does 1-85*, Civil Action No. 3:11-cv-469 (E.D. Va.). Plaintiffs filed supplemental memoranda on March 2, 2012, and the court held a combined hearing on the motions and the question of joinder on March 9, 2012. Upon consideration of the record and applicable authority, and for the reasons stated below, the magistrate judge recommends that all but the first of the Doe defendants in each of these matters be severed, and that plaintiffs be permitted to serve discovery on the first Doe defendants' internet service

providers to learn their identities.

## Factual Background

The factual allegations in these matters are all essentially the same. Defendants are alleged to have illegally downloaded plaintiffs' copyrighted works through a filesharing protocol known as BitTorrent. In each case, all defendants are alleged to have shared the exact same digital copy of plaintiffs' works. Defendants in each case are further alleged to have participated in the same BitTorrent "swarm," as demonstrated by the fact that the pieces they downloaded bear the same cryptographic identifier.

## The BitTorrent Protocol

BitTorrent is a filesharing protocol that distributes the work of downloading and uploading files among several computers, thereby reducing the workload on the source of a file and enabling faster, more efficient sharing of large files. To use the protocol, a user installs a BitTorrent client on his or her computer. A user wishing to share a file uses the client to create a torrent descriptor file for the target file. The client breaks the target file into pieces, each of which is assigned a an alphanumeric identifier unique to the target file, known as a "hash." The original file is known as a "seed," and the user sharing it is known as a "seeder."

Other BitTorrent users then can begin downloading pieces of the target file. As each user downloads a piece, his BitTorrent client immediately makes that piece available to other users. Thus, it is not necessary for a user to download a particular piece from the original seeder, and the workload of sharing is distributed among a "swarm" of users. Once a user has downloaded all of the pieces of a file, the client compares the hash values of each piece against that recorded in the original torrent file to ensure that the reconstituted file is error-free. A user that has received all of the pieces can also become a new "seeder" using the reconstituted file as a new

"seed."

## Joinder

Permissive joinder of defendants is proper if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Misjoinder is not a ground for dismissal, but the court may sever a defendant it finds to be improperly joined. Fed. R. Civ. P. 21.

## BitTorrent and Joinder

Courts have split on the question whether joinder of defendants who have participated in the same BitTorrent swarm is appropriate. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1157-64 (N.D. Cal. 2011) (discussing pre-BitTorrent filesharing jurisprudence and the split of authority on joinder in BitTorrent filesharing cases). Some courts have found that the nature of the BitTorrent protocol differs materially from previous peer-to-peer filesharing protocols, such that joinder of defendants who participated in the same BitTorrent swarm is appropriate. *See id.* at 1158-60 (collecting cases). Others, however, have rejected that principle. *See, e.g., id.* at 1160-64 (collecting Northern District of California cases); *Patrick Collins, Inc. v. Does 1-54*, No. CV-11-1602, 2012 WL 911432 (D. Ariz. Mar. 19, 2012); *K-Beech, Inc. v. Does 1-41*, No. V-11-46, 2012 WL 773683 (S.D. Tex. Mar. 8, 2012); *K-Beech, Inc. v. Does 1-85*, No. 3:11-cv-469, (E.D. Va. Oct. 13, 2011) (Gibney, J.).

In *K-Beech, Inc. v. Does 1-85*, Civil Action No. 3:11-cv-469, Judge Gibney held that participation in the same BitTorrent swarm is insufficient to link defendants for the purpose of joinder. The court agreed with the analysis in *Hard Drive Productions*, quoting the following

excerpt:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world. . . .  Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time.

*K-Beech* (quoting *Hard Drive Prods.*, 809 F. Supp. 2d at 1163-64).  The court held that the complaint, which alleged that the Doe defendants used the BitTorrent protocol to copy and reproduce copyrighted material on different days and at different times over a span of three months, did not meet the standards for joinder, and accordingly severed all of the defendants but one.

## **Analysis**

Plaintiffs make four arguments in support of joinder.  First, plaintiffs argue joinder is appropriate where, as here, the group of defendants is limited to those who were part of the "same swarm," *i.e.*, who downloaded pieces of the work bearing the same hash value, as discussed above.  Second, plaintiffs argue that joinder promotes judicial efficiency and that joinder does not prejudice defendants at this stage.  Third, plaintiffs state that if defendants are severed, they intend to file 10 individual suits a week for 18 weeks, which will not be an efficient use of the court's resources.  Finally, plaintiffs argue that disallowing joinder would have the effect of preventing plaintiffs' ability to enforce their copyrights.

Plaintiffs argue that their claims against these defendants arise out of the same transaction or series of transactions because each defendant participated in the same BitTorrent "swarm," as

evidenced by the fact that each defendant downloaded and/or uploaded a piece or pieces of plaintiffs' works bearing the same cryptographic hash identifier. Thus, plaintiffs argue, defendants in each case are transactionally related because they were sharing data originating from the exact same file. Plaintiffs argue against requiring that each defendant be present in the swarm on the same day at the same time, as they characterize this court's holding in *K-Beech*, urging that such a rule runs counter to the flexible definition of "transaction," as construed by the courts.

Plaintiffs' argument regarding the flexible definition of "transaction" can be dismissed out of hand. The flexible nature of the transactional test is designed to permit a court to consider all of the relevant facts and arrive at a decision that is appropriate to those facts. That the parameters arrived at by the court ultimately are rigid is of no moment; determining the appropriate line is, indeed, the task of the court. Furthermore, it is not clear that either *K-Beech* or *Hard Drive Productions*, which *K-Beech* cited approvingly, required presence in the same swarm on the same day and at the same time. In *K-Beech*, this court stated only that the allegation that the defendants used the same protocol to share the same work on different days and times was insufficient. Similarly, the *Hard Drive Productions* court stated that the span of time covering the activity made the argument for joinder "unpersuasive." *See Hard Drive Prods.*, 809 F. Supp. 2d at 1164.

The principal question to be decided is whether uploading and/or downloading pieces of the exact same digital copy of a work through the BitTorrent protocol necessarily gives rise to the inference that defendants' actions are transactionally related. To that end, it is helpful to get away from plaintiffs' characterization of defendants as being part of the "same swarm." Ultimately, what plaintiffs have alleged is that defendants (or others using or spoofing

defendants' IP addresses) have shared pieces of the same digital copy of plaintiffs' works with others using the BitTorrent protocol. There is nothing suggesting with any specificity that any defendant shared those pieces with another defendant.

The court's questions about the span of time involved in *Hard Drive Productions* were prompted by concerns whether any of the defendants actually "acted in concert" with each other such that they were transactionally related for purposes of joinder. 809 F. Supp. 2d at 1163. The proper test for joinder in these cases lies in that concern. Indeed, at least one court has addressed that principle more explicitly, finding that joinder was unwarranted where only two defendants remained in the case and there was no showing of any exchange of data between those defendants. *See Patrick Collins, Inc. v. Does 1-54*, No. CV-11-1602, 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012). Where, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity, the magistrate judge finds that a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants. In these cases, as in *K-Beech* and *Hard Drive Productions*, the spans of time shown in plaintiffs' investigations make it difficult to draw the conclusion that there has been any actual exchange of data between and among the defendants in each case.[1]

Plaintiffs' remaining arguments are also unavailing. Plaintiffs' second argument, concerning judicial efficiency and absence of prejudice to defendants, nonetheless fails if joinder is inappropriate under Fed. R. Civ. P. 20, as the analysis above finds it to be. Plaintiffs' third and fourth arguments go to the costs of enforcing plaintiffs' copyrights. At least one other court has found such concerns to be outweighed by the risk of "coercing unjust settlements from innocent

---

[1] Exhibit A to the complaint in each case shows a span of at least two and a half months, and up to three and a half months, between the "hit dates" for the first and last defendants.

defendants" and inflation of copyright value by enhancement of settlement leverage. *See K-Beech, Inc. v. Does 1-41*, No. V-11-46, 2012 WL 773683, at * 5 & n.2 (S.D. Tex. Mar. 8, 2012). The same principle is applicable here. (And, the magistrate judge has inquired of the Clerk's staff, and has been advised that the alternative scenario of multiple suits described by plaintiff will not burden that office.)

### **Recommendation**

Accordingly, the magistrate judge recommends that all but the first of the Doe defendants in each of these matters be severed, and that plaintiffs then be permitted to serve discovery on these remaining defendants' internet service providers to learn their identities.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

April 3, 2012
Alexandria, Virginia